497 F.2d 1335
 86 L.R.R.M. (BNA) 2670, 74 Lab.Cas. P 10,085
 NATIONAL LABOR RELATIONS BOARD, Petitioner-Appellant,
v.
LOCAL NO. 64, FALLS CITIES DISTRICT COUNCIL OF CARPENTERS,
UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF
AMERICA, AFL-CIO, Respondent-Appellee.
 No. 73-1979.
 United States Court of Appeals, Sixth Circuit.
 Argued April 3, 1974.
Decided May 31, 1974.
 
 1
 Joseph A. Oertel, N.L.R.B., for petitioner; Peter G. Nash, Gen. Counsel, John S. Irving, Deputy Gen. Counsel, Patrick Hardin, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, John D. Burgoyne, Atty., N.L.R.B. Washington, D.C., on brief.
 
 
 2
 Raymond L. Sales, Louisville, Ky., for respondent; Irwin H. Cutler, Jr., Segal, Isenberg, Sales & Stewart, Louisville, Ky., on brief.
 
 
 3
 Before CELEBREZZE and McCREE, Circuit Judges, and WALINSKI,[1] District Judge.
 
 
 4
 WALINSKI, District Judge.
 
 
 5
 This case is before us on petition by the National Labor Relations Board for enforcement of its order of June 27, 1973, which is reported at 204 NLRB No. 102. In its order and accompanying decision, the Board rejected the Administrative Law Judge's recommendation that the complaint be dismissed in its entirety and found that Respondent (hereinafter Local 64) had violated 8(b) (1)(A) and 8(b)(2) of the National Labor Relations Act in failing to issue work permits to four carpenters who were not members of one of the local unions in the Falls Cities District Council. The Board's order required Respondent to cease and desist from this practice, to make the employees whole, to post the usual notices and to take other steps.
 
 
 6
 The Board's decision involves two issues: 1) whether the Act was violated; and 2) whether Respondent was responsible for the violation. Because we believe that the record offers substantial evidence to support the Board's conclusion that the Act was violated, we will not discuss the first issue.
 
 
 7
 Responsibility for the violation of the Act is not so easily disposed of. The Administrative Law Judge found that Local 64 had an identity entirely separate from the Falls Cities District Council, and that the District Council was not the agent of Local 64 as regards the violation. The Judge found that the District Council was responsible for the violation; and since it had not been made a party, he ordered the complaint dismissed. The board disagreed, however, and found the District Council to be the agent of Local 64 on the theory that, since Local 64 and virtually all of the other locals in the area had created the District Council and had delegated to it nearly all of the authority usually retained by the locals, liability for the Council's conduct must be imputed to the locals themselves. Specifically, the Board concluded that T. A. Pitts, the secretary-treasurer of the District Council, had acted on behalf of the District Council and in furtherance of Local 64's interests (of which he was President) in denying the applicants work permits, and therefore Pitts was the agent of the District Council which was in turn the agent of the local.
 
 
 8
 We are thus faced with the determination of an agency relationship. It has been said that such a determination must be made, as contemplated by the applicable statute, in light of the general law of agency, NLRB v. Int. Long. & Ware. Union, et al., 283 F.2d 558, 563 (9th Cir. 1960). 29 U.S.C. 152(13). Indeed, this Court has held, in a somewhat analogous situation involving a Board determination, that a question of agency must be factually determined 'under common law agency principles.' Ace Doran Hauling & Rigging Co. v. NLRB, 462 F.2d 190, 193 (6th Cir. 1972). Viewed in this context, the Board's agency determination herein must be upheld if it comports with the recognized law of agency.
 
 
 9
 It is well settled that the right to control the agent is fundamental to the existence of the agency relationship. Cf. NLRB v. Cement Transport, Inc., 490 F.2d 1024, 1027 (6th Cir. 1974). See generally, 2A C.J.S. Agency 6, and treatises and texts on Agency. Thus, the District Council was the agent of Local 64 if the facts show that Local 64 had the right to control the District Council with respect to the issuance of work permits.
 
 
 10
 The facts, however, show that it did not. The Administrative Law Judge found that Local 64 had no role in the issuance of work permits. He further found that Pitts, as President of Local 64, had no authority to issue a work permit. On the contrary, he found that Pitts' power to issue these permits derived solely from his position as secretary-treasurer of the District Council, a position to which he had been elected not by the membership of Local 64 but by the various delegates to the District Council. Finally the Administrative Law Judge found that all the local unions which comprised the District Council had joined in delegating the power, inter alia, to issue work permits to the Council and that this is a common practice within the International Brotherhood of Carpenters.
 
 
 11
 We also note that Pitts testified at the hearing before the Administrative Law Judge that during his long experience he had never known a local union to issue a work permit and that such an act would be a violation of their Constitution and by-laws. This was corroborated by the testimony of Ernest Napier, who is the Financial Secretary of Local 64.
 
 
 12
 Judge Ordman also found that Pitts derived no salary as President of Local 64 but did as secretary-treasurer of the District Council by whom he was paid. Additionally, he found that the District Council leased its office space in a building owned by Local 64.
 
 
 13
 Considering the record as a whole, we find no substantial support for the determination that Local 64 had the right to control the District Council's issuance of work permits. Therefore, the District Council could not have been the agent of Local 64 according to the relevant agency principles.
 
 
 14
 Having found that the Board's determination lacks support of substantial evidence, we have no alternative but to deny enforcement.
 
 
 15
 Enforcement of the Board's order is denied.
 
 
 
 [1]
 The Honorable Nicholas J. Walinski, Judge of the United States District Court for the Northern District of Ohio, sitting by designation